United States District Court
Southern District of Texas

**ENTERED**

August 08, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT                    SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Joseph Randall Holcomb,<br>      Petitioner,<br><br>v.<br><br>Bobby Lumpkin,<br>Director, Texas Department<br>of Criminal Justice, Correctional<br>Institutions Division,<br>      Respondent. | § § § § § § § § § § § |

Civil Action H-21-3238

# Report and Recommendation

Joseph Randall Holcomb filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his Texas state-court conviction for assault of a family member by impeding breathing. ECF No. 1. The respondent, Bobby Lumpkin, has moved for summary judgment. ECF No. 18. In response, Holcomb has filed a traverse. ECF No. 28. Also pending before the court is Holcomb's motion for the court to "order respo[n]dent allow petitioner same appeal civ[i]l action means as the respondent." ECF No. 9. The court recommends that the respondent's motion for summary judgment be granted and Holcomb's petition be dismissed. The court further recommends that Holcomb's motion be denied.

## 1. Background

On October 18, 2010, Holcomb entered a plea of guilty to assault of a family member by impeding breathing in the 174th District Court of Harris County, Texas (Cause No. 1281755). ECF No. 19-1 at 18-19. The trial court deferred adjudication and sentenced Holcomb to eight years' community supervision. *Id.* Holcomb did not appeal the order placing him on supervision.

In 2014, Holcomb was arrested and indicted on new charges, prompting the State to file a motion to adjudicate guilt on the basis

that Holcomb violated the conditions of community supervision. ECF No. 19-1 at 43-44. On June 1, 2016, a jury convicted Holcomb of indecency with a child by sexual contact and sentenced him to life imprisonment as a repeat sexual offender in the 75th District Court of Liberty County, Texas (Cause No. CR31311).[1] ECF No. 18-2.

In September 2019, while Holcomb was serving his life sentence in prison, the 174th District Court issued a bench warrant for Holcomb's transfer to Harris County Jail for a hearing on the State's motion to adjudicate guilt. ECF No. 19-1 at 45. On October 2, 2020, the trial court found that Holcomb violated the conditions of his community supervision, adjudicated him guilty, and sentenced him to an eight-year term of imprisonment. *Id.* at 63-65.

On October 7, 2020, Holcomb filed a pro se notice of appeal from the judgment adjudicating guilt, which was file-stamped by the trial court on November 10, 2020. ECF No. 19-1 at 87. In December 2021, the deputy clerk for the 174th District Court filed an affidavit stating that the clerk failed to process Holcomb's notice of appeal. ECF No. 18-3. Holcomb's direct appeal was assigned to the Fourteenth Court of Appeals, where it remains pending. *See Holcomb v. State*, No. 14-21-00718-CR (Tex. App.—Houston [14th Dist.]). Holcomb has not filed a state application for a writ of habeas corpus in connection with his conviction. ECF No. 18-4.

Holcomb filed his federal petition for a writ of habeas corpus on September 30, 2021. ECF No. 1 at 12. Holcomb raises the following grounds for relief:

- he is actually innocent of the 2010 offense, evidence of which was "discovered" at the 2020 hearing (Ground One);
- in 2010, the trial court violated his due-process rights by coercing him to plead guilty and holding only one hearing, without defense counsel or probable cause (Ground Two);
- in 2020, the trial court violated his due-process rights by 1) holding only one hearing, which was delayed without cause and

---

[1] Holcomb does not challenge this conviction in the instant petition.

held without defense counsel, 2) forcing him to use a court-appointed attorney, and 3) denying him access to courts (Ground Two);

- in 2010, the State engaged in prosecutorial misconduct by withholding "clear evidence of no probable cause & actual innocence" (Ground Three);

- in 2010, Harris County officials committed fraud and engaged in an abuse of power by arresting him without probable cause (Ground Four); and

- in 2020, Harris County officials committed fraud and engaged in an abuse of power by proceeding with the motion to adjudicate guilt, despite the lack of probable cause and the evidence of his innocence (Ground Four).

ECF No. 1 at 6-7.

The respondent moves for summary judgment, arguing that Holcomb's petition should be dismissed with prejudice, in part, as time-barred and dismissed without prejudice, in part, as unexhausted. ECF No. 18.

## 2. *The Summary-Judgment Standard*

Summary judgment is proper when the record shows no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In ordinary civil cases, a district court considering a motion for summary judgment must construe disputed facts in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000); *Anderson*, 477 U.S. at 254. The court applies general summary judgment standards to the extent they do not conflict with the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) ("[Rule 56]

applies only to the extent that it does not conflict with the habeas rules."), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

Holcomb is representing himself. Self-represented habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as pleadings lawyers file. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988). The court broadly interprets Holcomb's state and federal habeas petitions. *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

### 3.  *Statute of Limitations under 28 U.S.C. § 2244*

AEDPA sets a one-year limitations period for federal habeas petitions. *See* 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

In four grounds for relief, Holcomb challenges his original guilty plea and the order of deferred adjudication entered in 2010. The limitations period for these claims began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Holcomb was sentenced to eight years' deferred adjudication on October 18, 2010. The deferred adjudication order constitutes a judgment under federal law. *See Caldwell v. Dretke*, 429 F.3d 521, 527 (5th Cir. 2005); *see also Tharpe v. Thaler*, 628 F.3d 719, 724 (5th Cir. 2010) (reaffirming that a Texas deferred-adjudication order is a judgment for purposes of AEDPA). In addition, defendants placed on deferred adjudication community supervision "may appeal issues relating to the original plea proceedings when the deferred adjudication community supervision is first imposed." *Caldwell*, 429 F.3d at 528 (citing *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999)). Thus, the October 18, 2010 order of deferred adjudication became final on November 17, 2010, when Holcomb's time to file a notice of appeal expired. *See* Tex. R. App. P. 26.2(a)(1) (notice of appeal must be filed within 30 days after the sentence is imposed or suspended in open court). That date triggered the federal limitations period, which expired one year later on November 17, 2011. Holcomb did not file this federal petition until September 30, 2021. Therefore, review of these claims is barred by the statute of limitations unless a statutory or equitable exception applies.

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending does not count toward the one-year limitations period. Because Holcomb did not file a state habeas application, he is not entitled to tolling under this provision.

No other AEDPA provision applies to extend the limitations period. Holcomb does not allege facts showing that he was precluded from filing a timely federal habeas petition as the result of state action,

and none of his claims rely upon a constitutional right that has been newly recognized by the Supreme Court and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B)–(C).

Likewise, none of Holcomb's proposed claims implicate a factual predicate that could not have been discovered previously through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). In his traverse, Holcomb alleges that his claims of actual innocence and fraud were not discovered until the 2020 adjudication hearing because the State improperly withheld evidence. Specifically, Holcomb argues that the alleged victim's testimony at the 2020 hearing "proves actual innocence, no probable cause, & fraud" in connection with his 2010 guilty plea. ECF No. 28 at 8. Holcomb's conclusory argument is not persuasive. He confuses knowledge of evidence to support a claim and knowledge of the factual predicate for a claim. Merely alleging new evidence to support facts that were known at an earlier date does not suffice to establish a new factual predicate. Statutory tolling does not apply to promote an endless gathering of evidence by habeas petitioners. *See Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998) (petitioner confuses his knowledge of the factual predicate for his claims with the time permitted for gathering evidence in support of those claims); *see also Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance"). The record shows that during the 2010 proceedings, Holcomb signed plea paperwork, including a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, in which he agreed to waive "the appearance, confrontation, and cross-examination of witnesses." ECF No. 19-1 at 32-38. Contrary to Holcomb's assertions, the factual predicate of his claims either became known or could have become known prior to the date that the deferred-adjudication order became final.

Further, equitable tolling does not extend the limitations period in this case. The court may allow an untimely case to proceed if the

facts present "sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Exceptional circumstances may include a situation where the petitioner was "actively misled" by the respondent "about the cause of action or [was] prevented in some extraordinary way from asserting his rights." *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogation on other grounds recognized by Richards v. Thaler*, 710 F.3d 573, 578–79 (5th Cir. 2013)). To warrant tolling, a petitioner must also demonstrate that he diligently pursued his rights despite the extraordinary circumstances that stood in his way. *Id.* "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999), *cert. denied*, 528 U.S. 1007 (1999). A petitioner bears the burden to show that equitable tolling should apply. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (*modified on partial rehearing by* 223 F.3d 797 (5th Cir. 2000)).

Nothing in the record suggests that the State misled Holcomb. Nor does Holcomb demonstrate that he diligently pursued relief. Waiting to pursue one's claims is not sufficient to excuse a petitioner from the requirement to assert his claims in a timely manner. *Fisher*, 174 F.3d at 715 (citing *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989), for the proposition that "equity is not intended for those who sleep on their rights"). Moreover, ignorance of the law and lack of legal assistance, even for an incarcerated individual, generally do not excuse prompt filing. *See Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir. 2000) (ignorance of law, temporary denial of access to legal materials, lack of knowledge of filing deadlines, and inadequacies of a prison law library are insufficient to warrant equitable tolling). Under these circumstances, Holcomb fails to demonstrate that he is entitled to equitable tolling.

Finally, Holcomb's assertion that his actual innocence excuses his failure to file a timely petition is equally unavailing. Actual innocence, if proven, may excuse a failure to comply with the one-year statute of limitations on federal habeas review. *McQuiggen v. Perkins*, 569 U.S. 383, 386 (2013). "[H]owever, . . . tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). This exception requires the habeas petitioner to present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Further, the newly discovered evidence must bear on the petitioner's actual innocence, not the legal insufficiency of the State's evidence. *See Bousely v. United States*, 523 U.S. 614, 623-24 (1998).

Holcomb has failed to make the required showing. He does not present any new evidence that was unavailable when he entered his plea. Because Holcomb fails to satisfy the demanding *Schlup* standard for actual innocence and does not otherwise establish an exception to the federal limitations period, his claims related to his 2010 deferred adjudication are untimely and subject to dismissal with prejudice.

## 4. *Exhaustion of State-Court Remedies*

Under the governing federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that...the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A). A petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995) (citations omitted). The exhaustion requirement "is not jurisdictional, but 'reflects a policy of federal-state comity...designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Anderson v. Johnson*, 338

F.3d 382, 386 (5th Cir. 2003) (quoting *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001)). Exceptions exist only where there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B).

To exhaust his state remedies under the applicable framework, a habeas petitioner must fairly present the substance of his claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990). A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In Texas, a criminal defendant may challenge a conviction by taking the following paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* Tex. Code Crim. Proc. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

The pleadings in this case, as well as the court's independent review of available state-court records, demonstrate that the Court of Criminal Appeals has not yet had an opportunity to address Holcomb's remaining grounds for relief because his direct appeal is still pending before the Fourteenth Court of Appeals. Because this state process remains available, Holcomb does not satisfy any statutory exception to the exhaustion doctrine. Comity requires this court to defer until the Court of Criminal Appeals has addressed

Holcomb's claims. It follows that Holcomb's remaining claims must be dismissed as premature for lack of exhaustion.

*5. Conclusion*

The court recommends that the respondent's motion for summary judgment be granted and that Holcomb's petition for writ of habeas corpus be dismissed with prejudice, in part, as time-barred and without prejudice, in part, as unexhausted. The court further recommends that Holcomb's motion for the court to "order respo[n]dent allow petitioner same appeal civ[i]l action means as the respondent," which appears to seek injunctive relief related to the conditions of his confinement, be denied.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on August 7, 2022.

_____

Peter Bray

United States Magistrate Judge